UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
BYRON SMITH,                                           :
                          Plaintiff,                   :
v.                                                     :          **OPINION AND ORDER**
                                                       :
LAW OFFICE OF RICHARD ST. PAUL, ESQ.,                  :          22 CV 5648 (VB)
PLLC,                                                  :
                          Defendant.                   :
-----------------------------------------------------------------x

Briccetti, J.:

Plaintiff Byron Smith brings claims against defendant Law Office of Richard St. Paul,

Esq., PLLC, for copyright infringement and violations of the Digital Millennium Copyright Act

("DMCA"), alleging defendant used on its website a copyrighted photograph owned by plaintiff

and removed a credit identifying plaintiff as the photographer.

Now pending is defendant's motion to dismiss pursuant to Rule 12(b)(6).  (Doc. #30).

For the following reasons, the motion to dismiss is GRANTED IN PART and DENIED

IN PART.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-

pleaded factual allegations in the complaint, as well as documents attached to the complaint as

exhibits, and draws all reasonable inferences in plaintiff's favor, as summarized below.

Plaintiff is a professional photographer who licenses his photographs for publication in

media outlets, and whose "livelihood depends on receiving" such licensing fees.  (Doc. #1

("Compl.") ¶ 7).

1

Plaintiff is allegedly the sole author and copyright owner of an original photograph of a Housing and Urban Development ("HUD") administrator touring the Patterson Houses public housing development in New York (the "Photograph").  Plaintiff claims he registered the Photograph with the United States Copyright Office under registration number VA 2-144-586, dated March 26, 2019.  A registration record on the Copyright Office website indicates VA 2-144-586 is a group registration of nineteen published photographs, including a photograph listed as "2.19.19. Patterson Houses. Smith.jpg."  See U.S. Copyright Office Public Records System, https://publicrecords.copyright.gov/detailed-record/30669615 (the "Registration Record").[1]

Plaintiff alleges the Photograph was first published on February 19, 2019,[2] in an article on the Wall Street Journal website.  The article, titled "A HUD Official Gets a First-Hand Look at NYCHA's Woes" (the "Journal Article"), included a credit below the image, attributing it to plaintiff (the "Photo Credit").  (Compl. ¶ 11; Doc. #1-1 at ECF 4).[3]

Defendant, a law firm, allegedly owns and operates a website on which it "generates news content . . . to attract user traffic, promote St. Paul's legal services and website, and generate business."  (Compl. ¶ 15).

_____

[1]     Because the Registration Record is publicly accessible on an official government website, the Court takes judicial notice of it.  See Off. Sol. Grp., LLC v. Nat'l Fire Ins. Co. of Hartford, 544 F. Supp. 3d 405, 412 (S.D.N.Y. 2021).

[2]     The complaint lists the publication date as February 19, 2021 (Compl. ¶ 11), but plaintiff's other allegations, and the Registration Record, suggest this is a typographical error.

[3]     "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

Document 1-1 is comprised of three exhibits.  As alleged, these exhibits are:  a copy of the Photograph, at ECF 2 ("Exhibit A"); a screenshot of the Photograph with the Photo Credit, as used in the Journal Article, at ECF 4 ("Exhibit B"); and two screenshots of defendant's website, featuring the Photograph without the Photo Credit, at ECF 6–7 ("Exhibit C").

Around May 28, 2020, plaintiff allegedly discovered defendant used the Photograph on its website as part of a blog post, in which defendant reproduced the Journal Article but omitted the Photo Credit (the "St. Paul Post").

According to plaintiff, defendant did not have a license or other permission to use the Photograph on its website or any other platform.  Plaintiff contends defendant intentionally omitted the Photo Credit "to mislead the public into believing that Defendant either owned the Patterson Photograph or had legitimately licensed it for use" in the St. Paul Post.  (Compl. ¶ 29).

Plaintiff claims defendant's unauthorized use of the Photograph constitutes copyright infringement.  Plaintiff also claims defendant's distribution of the Photograph without the Photo Credit violated two provisions of the DMCA:  Section 1202(a), which prohibits providing false copyright management information ("CMI"), and Section 1202(b)(3), which prohibits distributing a work with missing or altered CMI.

## DISCUSSION

I.   <u>Standard of Review</u>

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the complaint under the "two-pronged approach" articulated by the Supreme Court in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009).[4]  First, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and thus are not sufficient to withstand a motion to dismiss.  <u>Id</u>. at 678; <u>Hayden v. Paterson</u>, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they

---

[4]      Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

II.    Copyright Infringement

Defendant advances two primary reasons for dismissing plaintiff's copyright infringement claim: (i) plaintiff does not plausibly allege a prima facie case of copyright infringement, and (ii) defendant's use of the Photograph qualifies as a fair use.[5]

A.    Prima Facie Case

Defendant argues plaintiff fails to state a claim for copyright infringement because he did not plausibly allege ownership of a valid copyright or illegal copying of the Photograph.

The Court disagrees.

---

[5]    Defendant also contends its use was not infringing because it had a license "to copy, use, distribute and display" the Photograph. (Doc. #30 ("Def. Mem.") at ECF 6). However, this contention is inconsistent with plaintiff's allegation that he "never at any point" granted defendant "a license or other permission to display, distribute or otherwise use" the Photograph (Compl. ¶ 18), and thus, is not a proper basis for dismissal under Rule 12(b)(6). See Playboy Enters. Int'l Inc. v. Mediatakeout.com LLC, 2016 WL 1023321, at *2 (S.D.N.Y. Mar. 8, 2016) (on motion to dismiss, rejecting defendant's argument that it had a license because "[t]he existence of a license is not even suggested by anything in the Complaint").

1.    Applicable Law

To establish a prima facie case of copyright infringement, a plaintiff must plausibly allege "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."  Abdin v. CBS Broad. Inc., 971 F.3d 57, 66 (2d Cir. 2020).

With respect to the first element, a plaintiff must show he "either hold[s] a valid copyright registration or [has] applied and been refused a registration as a prerequisite to" suing a defendant for infringing a copyright.  Gattoni v. Tibi, LLC, 254 F. Supp. 3d 659, 663 (S.D.N.Y. 2017) (collecting cases).

"To satisfy the second element, a plaintiff must demonstrate that: (1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's work."  Abdin v. CBS Broad. Inc., 971 F.3d at 66.  "Rather than proving direct copying of a work, plaintiffs may also establish copying circumstantially by demonstrating that the Defendant had access to the copyrighted work at the time of the alleged infringement."  Klauber Brothers, Inc. v. QVC, Inc., 2020 WL 7029088, at *2 (S.D.N.Y. Nov. 30, 2020).  As to substantial similarity, "[t]he standard test . . . is whether an ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard the aesthetic appeal as the same."  Abdin v. CBS Broad. Inc., 971 F.3d at 66.

"When visual works are at issue and (as here) are attached to the pleadings or otherwise cognizable on a motion to dismiss, the Court must determine whether a reasonable jury could find substantial similarity based upon a comparison of the two works; on this point, no discovery or fact-finding is typically necessary."  Hirsch v. CBS Broad. Inc., 2017 WL 3393845, at *4 (S.D.N.Y. Aug. 4, 2017).

2.   <u>Application</u>

Plaintiff plausibly alleges both elements of a copyright infringement claim.

First, plaintiff plausibly alleges he holds a valid copyright registration for the Photograph. Plaintiff's well-pleaded factual allegations, as well as the Registration Record, support a reasonable inference that plaintiff registered the copyright in March 2019, before bringing this action.  Later in the case, plaintiff may need "to submit the registration certificate and part of the deposited materials" as evidence that "the copyrighted photograph is indeed protected under Reg. No. VA-2-144-586."  (<u>Cf</u>. Def. Mem. at ECF 10).  But at this early stage, plaintiff has sufficiently demonstrated he owns a valid copyright in the allegedly infringed work.  <u>See</u> <u>Klauber Brothers, Inc. v. QVC, Inc.</u>, 2020 WL 7029088, at *3 ("at the pleading stage," a plaintiff need not "submit the 'deposit' associated with the [copyright registration] certificate" to demonstrate ownership of a valid copyright); <u>cf</u>. <u>Accurate Grading Quality Assurance, Inc. v. Thorpe</u>, 2013 WL 1234836, at *7 (S.D.N.Y. Mar. 26, 2013) (dismissing copyright infringement claim because "Plaintiffs do not allege existence of a valid copyright" or "that they have previously sought registration and been denied").

Second, plaintiff plausibly alleges defendant unlawfully copied the Photograph. Defendant appears to admit reproducing the Photograph on its website.  (<u>See</u> Def. Mem. at ECF 6, 14).[6]  And having compared the original Photograph and the alleged copy in the St. Paul Post (<u>see</u> Exhibit A; Exhibit C), the Court concludes an ordinary observer would "recognize the

---

[6]   Even if defendant did not admit it copied the Photograph, plaintiff's well-pleaded allegations that defendant reproduced the Journal Article with the Photograph are sufficient to establish copying.  <u>See</u> <u>Klauber Bros., Inc. v. QVC, Inc.</u>, 2020 WL 7029088, at *8 ("Plaintiff must either allege actual copying of the protected work[ ] or allege facts sufficient to allow an inference that Defendant[ ] had access to the [work] in order to copy [it].").

alleged copy as having been appropriated from the copyrighted work." Knitwaves, Inc. v. Lollytogs Ltd., 71 F.3d 996, 1002 (2d Cir. 1995).[7]

Accordingly, plaintiff has plausibly alleged a copyright infringement claim.

B.    Fair Use

Defendant argues its use of the Photograph constitutes fair use, and therefore did not infringe plaintiff's copyright, as a matter of law.

The Court disagrees.

1.    Applicable Law

"The fair use of a copyrighted work . . . is not an infringement of copyright." 17 U.S.C. § 107. Accordingly, a defendant may "defeat a prima facie showing of infringement . . . by proving that the doctrine of 'fair use' permits his or her employment of the plaintiff's work." Hughes v. Benjamin, 437 F. Supp. 3d 382, 389 (S.D.N.Y. 2020). The Copyright Act sets out four non-exhaustive factors to consider in determining whether a defendant's use of a copyrighted work is a fair use:

(1)    the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
(2)    the nature of the copyrighted work;
(3)    the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
(4)    the effect of the use upon the potential market for or value of the copyrighted work.

17 U.S.C. § 107. "There are no bright line rules to determine whether a use was a fair use; instead the analysis is to be done on a case-by-case basis, and all the factors 'are to be explored, and the results weighed together, in light of the purposes of copyright.'" Hirsch v. CBS Broad.

_____

[7]    Defendant's argument that the ordinary observer test "does not support a finding of infringement" here (see Def. Mem. at ECF 12–13) is both incoherent and frivolous.

Inc., 2017 WL 3393845, at *5 (quoting Campbell v. Acuff-Rose Music, Inc., 510 U.S. 569, 577–78 (1994)).

The first factor, the purpose and character of the use, favors a finding of fair use when the defendant's use is "transformative," that is, when the defendant "adds something new, with a further purpose or different character, altering the first with new expression, meaning, or message." Cariou v. Prince, 714 F.3d 694, 705 (2d Cir. 2013). In addition, a use for "nonprofit educational purposes" is more likely to be considered fair than a "commercial" use. Swatch Grp. Mgmt. Servs. Ltd. V. Bloomberg L.P., 756 F.3d 73, 83 (2d Cir. 2014) (quoting 17 U.S.C. § 107(1)).

The second factor, the nature of the copyrighted work, favors a fair use determination when "the work is factual or informational," and when it was published before the alleged infringement occurred. Cariou v. Prince, 714 F.3d at 709–10. "Courts in the Second and other Circuits have found that when the original photographic work was created for news-gathering purposes, this factor favors fair use." Hirsch v. CBS Broad. Inc., 2017 WL 3393845, at *6.

In analyzing the third factor, "the amount and substantiality of the portion used," courts consider whether "the quantity and value of the materials used are reasonable in relation to the purpose of the copying." Swatch Grp. Mgmt. Servs. Ltd. V. Bloomberg L.P., 756 F.3d at 89 (quoting Campbell v. Acuff-Rose Music, Inc., 510 U.S. at 586). "In general, the more of a copyrighted work that is taken, the less likely the use is to be fair." Id.

The fourth factor, the effect on the potential market for the copyrighted work, weighs against fair use when the alleged infringer "usurps the market of the original work." Blanch v. Koons, 467 F.3d 244, 251 (2d Cir. 2006). "Infringers usurp the market for copyrighted works when the infringer's target audience and the infringing content are the same as the original."

8

Hirsch v. CBS Broad. Inc., 2017 WL 3393845, at *6.  "Courts must also consider the harm to derivative markets for a copyrighted work, such as a market for licensing revenues."  Id. Whether the defendant's "use is transformative is important to the usurpation analysis, as 'the more transformative the [defendant's] use, the less likely that it substitutes for the original.'"  Id. (quoting Cariou v. Prince, 714 F.3d at 709).

"Courts most frequently address a proffered fair use defense at summary judgment." TCA Television Corp. v. McCollum, 839 F.3d 168, 178 (2d Cir. 2016).  A defendant's entitlement to the fair use defense "often requires consideration of facts outside of the complaint and is thus inappropriate to resolve on a motion to dismiss."  Hirsch v. CBS Broad. Inc., 2017 WL 3393845, at *6.  However, when "the facts necessary to establish the defense are evident on the face of the complaint, including any materials properly incorporated into the complaint," dismissal under Rule 12(b)(6) may be appropriate.  Hughes v. Benjamin, 437 F. Supp. 3d at 389.

### 2.  Application

Here, it is not evident from the complaint and its incorporated exhibits that the St. Paul Post was a fair use.  Indeed, plaintiff's allegations, accepted as true at this stage, suggest the use was not fair.

Notably, the purpose and character of the use—which the Second Circuit has described as "[t]he heart of the fair use inquiry"—weigh strongly against a fair use determination here. Blanch v. Koons, 467 F.3d at 251.  The complaint and its incorporated exhibits indicate defendant did not alter the Photograph, add its own commentary, or otherwise alter the message conveyed by the Photograph.  Instead, the St. Paul Post simply "included the original text of the Journal Article . . . . featuring [the Photograph]."  (Compl. ¶ 17).

Defendant nonetheless contends its use was "transformative" because defendant's principal, Richard St. Paul, "attended the meeting in which the HUD Official in the photograph attended" and "[t]he Law firm's purpose in posting the Image was to make the public aware that HUD and its leadership were working to address issues in New York City Public Housing." (Def. Mem. at ECF 14). But the Court can discern no meaningful difference between defendant's professed purpose and the photojournalistic purpose "for which [the Photograph] was created," i.e., depicting the HUD official's visit to public housing apartments in New York City. TCA Television Corp. v. McCollum, 839 F.3d at 182–83 ("[T]here is nothing transformative about using an original work in the manner it was made to be used."). Indeed, the Photo Credit, which indicates plaintiff took the photograph "for the Wall Street Journal," further illustrates the original photojournalistic purpose. (Exhibit B). As such, the Court cannot conclude defendant's use of the Photograph was transformative.

Moreover, because defendant allegedly reproduced the entire Photograph along with the Journal Article for which it was created, defendant's use likely "usurps demand for the protected work by serving as a market substitute," meaning the fourth factor would also weigh against fair use here. TCA Television Corp. v. McCollum, 839 F.3d at 186.

In short, defendant's "entitlement to a fair use defense [is] not so clearly established on the face of the [complaint] and its incorporated exhibits as to support dismissal." TCA Television Corp. v. McCollum, 839 F.3d at 178.

Accordingly, plaintiff's copyright infringement claim may proceed.

III.   DMCA Claims

Defendant argues plaintiff's DMCA claims must be dismissed because plaintiff does not plausibly allege any CMI accompanied the Photograph.

The Court disagrees as to plaintiff's Section 1202(b)(3) claim.  The Court agrees plaintiff's Section 1202(a) claim must be dismissed, but because plaintiff did not plausibly allege defendant added false CMI.

A.    Applicable Law

The DMCA protects the integrity of CMI "conveyed in connection with" a copyrighted work.  17 U.S.C. § 1202(c).  CMI includes "the name of, and other identifying information about, the author . . . [or] copyright owner of the work."  Id. § 1202(c)(2)–(3).  CMI need not "appear on the work itself" to be protected under the DMCA.  Mango v. BuzzFeed, Inc., 356 F. Supp. 3d 368, 377–78 (S.D.N.Y. 2019), aff'd, 970 F.3d at 167.  As relevant here, a "gutter credit"—a separate line of text adjacent to a photograph, indicating its photographer—constitutes CMI under the DMCA.  Mango v. BuzzFeed, Inc., 970 F.3d 167, 172 (2d Cir. 2020).

To state a Section 1202(a) claim, a plaintiff "must plausibly allege that [the] defendant knowingly provided false copyright information and that the defendant did so with the intent to induce, enable, facilitate, or conceal an infringement."  Krechmer v. Tantaros, 747 F. App'x 6, 9 (2d Cir. 2018) (summary order).

To state a Section 1202(b)(3) claim, a plaintiff must plausibly allege:

(1) the existence of CMI in connection with a copyrighted work; and (2) that a defendant distributed works or copies of works; (3) while knowing that CMI has been removed or altered without authority of the copyright owner or the law; and (4) while knowing, or having reasonable grounds to know that such distribution will induce, enable, facilitate, or conceal an infringement.

Mango v. BuzzFeed, Inc., 970 F.3d at 171.

B.    Application

Here, plaintiff fails to state a claim under Section 1202(a), but does state a claim under Section 1202(b)(3).

With respect to the Section 1202(a) claim, the complaint lacks factual allegations indicating defendant provided false CMI, such as by adding its own copyright notice or a credit identifying the wrong individual as the photographer.  Cf. Trombetta v. Novocin, 2021 WL 6052198, at *10; Mango v. BuzzFeed, Inc., 356 F. Supp. 3d at 378 (publishing photograph with false gutter credit violated Section 1202(a)).  Accordingly, plaintiff does not state a claim for providing false CMI.

Plaintiff does, however, state a Section 1202(b)(3) claim for distributing a copyrighted work whose CMI was removed without authorization.  Plaintiff alleges the Photograph was first published on the Wall Street Journal website with a gutter credit indicating he was the photographer, i.e., CMI.  Plaintiff further alleges defendant distributed the Photograph without the gutter credit, even though defendant otherwise reproduced the accompanying Journal Article in the St. Paul Post.  Moreover, plaintiff alleges defendant did not have a license to distribute or otherwise use the Photograph.

In light of these allegations, it is reasonable to infer defendant removed the CMI and distributed the Photograph "while knowing that CMI ha[d] been removed . . . without authority of the copyright owner."  Mango v. BuzzFeed, Inc., 970 F.3d at 171; see also Shihab v. Complex Media, Inc., 2022 WL 3544149, at *5 (S.D.N.Y. Aug. 17, 2022) (concluding complaint "adequately alleges that [defendant] knew that the CMI had been removed or altered without the authority of [plaintiff] or the law—as it allegedly removed the CMI itself without authorization from [plaintiff]").

Likewise, plaintiff plausibly alleges defendant "knew or had reasonable grounds to know that its removal of the CMI from the Photograph[ ] would induce, enable, facilitate or conceal an infringement—specifically, its own alleged infringement of [plaintiff's copyright] to the

Photograph[ ]."  Shihab v. Complex Media, Inc., 2022 WL 3544149, at *5; see also Mango v. BuzzFeed, Inc., 970 F.3d at 172–74 (violation of 1202(b)(3) when defendant knowingly distributed photograph with altered gutter credit, "thus concealing its infringement").

Accordingly, plaintiff's Section 1202(a) claim must be dismissed, but his Section 1202(b)(3) claim may proceed.

**CONCLUSION**

The motion to dismiss is DENIED, except as to plaintiff's Section 1202(a) claim, as to which the motion is GRANTED.

By June 1, 2023, defendant shall file an answer.

By separate order, the Court will schedule an initial conference.

The Clerk is instructed to terminate the motion.  (Doc. #30).

Dated: May 18, 2023
       White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge